IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| LOUIS MARCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-01382 |
| | ) | |
| MS. MILAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 3, 2008, Plaintiff,[1] acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed a "Motion for Equitable Emergency Injunction and Civil Suit Pursuant to 42 U.S.C.A. § 1983."[2] (Document No. 1.) Plaintiff names the following as Defendants: (1) Ms. Miland, D.T.S. Officer; (2) Mr. Simpson, D.T.S. Officer; and (3) Mr. Lipps, Counselor. (Id.) In his Motion, Plaintiff alleges that Defendants violated his constitutional rights by putting his "health and life in danger." Plaintiff claims that he was searched by Defendant Lipps on October 30, 2008. (Id., pp. 3 and 8.) Plaintiff states that during the search, Defendant Lipps recovered a "store list" and two football tickets from Plaintiff's front pocket. (Id.) Plaintiff asserts that Defendant Lipps gave the "store list" to Defendants Simpson and Miland. (Id., p. 3.) Plaintiff alleges that on October 30 - 31, 2008, Defendants Simpson and Miland contacted inmates whose names were on the list. Specifically, Plaintiff states as follows:

---

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff is currently incarcerated at USP Big Sandy, located in Inez, Kentucky.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> [B]oth of them started calling the people who were on the list, one by one. The first one was Mr. Clauduo, he told me they were taking his job. The next one who came to me was Mr. Nelson. Mr. Nelson got in my face and told me they took his certificate and were going to put him out. He told me if that happened, he was going to f*** me up. He is due to go to the halfway house in January 2009.

(Id.) Plaintiff states that "that night I saw Lt. Ruthledge at dinner and told him what they did, the counselor at the drug program, he then ask me will I be OK. I said, I think so." (Id.) Plaintiff claims that on October 31, 2008, Defendants Simpson and Miland "took the store list to their office and put it up in the window." (Id., p. 8.) Plaintiff states that "[a]fter that, I went and told Dr. Murry. He came out. I said to him this is how the program works. You put my health and life in danger. After that, he went and took the papers down." (Id., p. 4.) Plaintiff contends that he was then advised that he was being moved to Pine Unit. (Id., p. 5.) During the move, Plaintiff alleges that he saw Defendants Simpson and Miland talking to Inmate Brown in the office. (Id., pp. 5 - 13.) Plaintiff states that two days later, Inmate Brown "approach me in the RCC yard and started assaulting me." (Id., pp. 5 and 8.) Plaintiff explains that Inmate Brown "assaulted me by punching me in the face." (Id., p. 13.) Plaintiff alleges that "now because of the staff I can't go back on the compound, they are shipping me out." (Id., p. 5.) Plaintiff requests the following relief: (1) "The Court hold Mr. Lipps, Mr. Simpson and Ms. Miland, in their personal capacity for the sum of $50,000 each;" (2) "Petitioner would like to make a formal Criminal Complaint under Title 18 U.S.C. § 242;" and (3) "An Emergency Injunction for the security video footage." (Id., p. 9.)

On December 17, 2008, Plaintiff filed his Application to Proceed *in forma pauperis* and Authorization to Release Institutional Account Information. (Document Nos. 3 and 4.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On

2

screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

**1.     Bivens Claim:**

42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named

3

Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned therefore will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth

Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A

sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

Plaintiff contends that Defendants violated his constitutional rights by calling inmates to the office whose names appeared on the "store list" and "putting the store list up in the window." (Id., p. 8.) Assuming Plaintiff's allegations as true, Plaintiff has failed to state a constitutional claim of failure to protect. In order to establish a claim of failure to protect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials acted with "'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834, 114 S.Ct. at 1977. First, Plaintiff fails to allege facts indicating that he was incarcerated under conditions imposing a substantial risk of serious harm. Plaintiff's conclusory allegation that Defendants put his "health and life in danger" is insufficient. Plaintiff alleges that he was verbally threatened by two inmates and physically assaulted by another inmate. The undersigned finds that verbal threats alone do not result in a "substantial risk of serious harm." See Edmonds v. Bendrick, 2008 WL 318263 (E.D. Va. Feb. 1, 2008)(stating that "verbal threats alone do not place plaintiff at risk of serious harm"). Next, the undersigned finds that even though Plaintiff alleges that he was

assaulted by an inmate, Plaintiff does not allege that he suffered any serious injury. See Atkinson v. Saar, 2009 WL 2843296 (D.Md. Aug. 28, 2009)(finding that plaintiff satisfied the first prong of the Farmer test where plaintiff injuries required emergency surgery and he was hospitalized for two weeks, and then spent two months in the Division of Corrections Hospital); Bowers v. United States, 2007 WL 2156249 (W.D.Va. July 26, 2007)(finding that plaintiff failed to allege facts demonstrating that he suffered serious injury where the assault only resulted in "a lot of redness, bruising and soreness" to plaintiff's head). The Court notes that Plaintiff does not allege that he requested or required medical attention following the assault. The Supreme Court has recognized that " not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834, 114 S.Ct. at 1977.

Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege that Defendants were consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that Defendants knew of and disregarded an excessive risk to his health or safety. Plaintiff does not allege that he informed Defendants that he felt he was at risk of serious harm from other inmates. Although Plaintiff states that he informed Lt. Ruthledge that Inmates Claudio and Nelson had threaten him following the disclosure of the "store list," Plaintiff acknowledges that he told Lt. Ruthledge that he would be "ok." Additionally, Plaintiff was moved to Pine Unit in response to the disclosure of the "store list." It appears that Plaintiff was assaulted by Inmate Brown following his transfer to Pine Unit. Plaintiff acknowledges that he was placed in protective custody following the assault. Moreover, Plaintiff is no longer incarcerated at FCI Beckley. Thus, Plaintiff's claim that Defendants should be liable due to the possibility that

Defendants' alleged disclosure of the "store list" could have resulted in Plaintiff's life being endangered is insufficient. See Langston v. Fleming, 38 F.3d 1213 (4th Cir. 1994)(*unpublished opinion*)(Prisoner failed to state a claim where he merely alleged that guards endangered his life by informing other inmates that he was charged with rape). Based on the foregoing, the undersigned finds that Plaintiff has failed to state a cognizable claim under the Eighth Amendment for which relief can be granted.

**2.     Request for Issuance of Criminal Complaints:**

Plaintiff requests that the Court issue criminal complaints against Defendants pursuant to 18 U.S.C. § 242.[3] (Document No. 1, p. 7.) It is well established, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The violation of a federal criminal statute does not provide for a private cause of action. United States v. Oguaju, 76 F.Appx. 579, 581 (6th Cir. 2003)(finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); Hester v. West Virginia, 2008 WL 4298471, * 6 (S.D.W.Va.)(stating that "no private right of action can be inferred from 18 U.S.C. §§ 241, 242"); and Powell v. Kopman, 511 F.Supp. 700, 704 (S.D.N.Y. 1981)(stating that 18 U.S.C. § 242, which is the criminal analogue to the Civil Rights Act,

---

[3] Title 18 U.S.C. § 242 provides as follows, in pertinent part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . ..

does not create a private right of action). Thus, Plaintiff has no right to initiate criminal proceedings against Defendants pursuant to 18 U.S.C. § 242. See Stoll v. Martin, 2006 WL 2024387, * 2 (N.D. Fla.)(stating that "Plaintiff's complaint fails to state a claim upon which relief can be granted under the criminal statutes 18 U.S.C. §§ 241 and 242, because a private citizen cannot initiate a federal criminal prosecution and because these statutes do not provide a private right of action for damages"); Young v. Herald, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); Kennedy v. Anderson, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and Dixon v. State of Maryland, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that Plaintiff's request that criminal complaints be issued against Defendants should be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in forma pauperis* (Document No. 3.), **DISMISS** Plaintiff's "Motion for Equitable Emergency Injunction and Civil Suit Pursuant to 42 U.S.C.A. § 1983." (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: February 10, 2010.

R. Clarke VanDervort
United States Magistrate Judge